1  RUSSELL P. BROWN (SBN: 84505)
   MATTHEW P. NUGENT (SBN: 214844)
2  GORDON & REES LLP
   101 West Broadway
3  Suite 1600
   San Diego, CA 92101
4  Telephone: (619) 696-6700
   Facsimile: (619) 696-7124
5
6  Attorneys For: Plaintiff THE MARINE GROUP, LLC,
   dba MARINE GROUP BOAT WORKS
7

FILED

08 JUL 14 PM 4:32

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

8                    UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  THE MARINE GROUP, LLC, dba MARINE<br>GROUP BOAT WORKS,<br>11<br>12                    Plaintiff,<br>13            vs.<br>14  VESSEL NAVEGANTE, Official Number<br>1094087, her engines, tackle, furniture, apparel,<br>15  In Rem, NAVEGANTE CHARTERS, LLC, In<br>Personam,<br>16                    Defendants.<br>17<br>18 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | IN ADMIRALTY<br>CASE NO. '08 CV 1264 BEN RBB<br><br>**COMPLAINT IN REM AND IN<br>PERSONAM FOR MONEY DAMAGES<br>AND FORECLOSURE OF MARITIME<br>LIEN** |

19
20      The Complaint of THE MARINE GROUP, LLC dba MARINE GROUP BOAT WORKS

21  (hereinafter "Plaintiff") against the Vessel NAVEGANTE, Official No. 1094087, her engines,

22  rigging, tackle, apparel, furniture, nets, fishing gear and all other necessaries thereto

23  appertaining and belonging (hereinafter "Vessel"), and against NAVEGANTE CHARTERS,

24  LLC (hereinafter "Defendant") in a cause civil and maritime, for money damages and

25  foreclosure of a maritime lien in rem and in personam, respectfully alleges:

26             A.    JURISDICTION AND VENUE

27      1.    Jurisdiction lies under 28 U.S.C. Section 1333 as this is a civil case of admiralty

28  and maritime jurisdiction and is an admiralty and maritime claim within the meaning of Rule

-1-

EMP/6000804/5798242v.1

*Gordon & Rees LLP*
*101 West Broadway*
*Suite 2000*
*San Diego, CA 92101*

1   9(h) of the Federal Rules of Civil Procedure. Pendent or ancillary jurisdiction also lies on any

2   non-federal claims as they arise out of the same transaction or occurrence or series of

3   transactions or occurrences of the above claims.

4         2.    Venue lies within the Southern District of California pursuant to the provisions of

5   28 U.S.C. Section 1391(b) and Rules C and E of the Supplemental Rules for Certain Admiralty

6   and Maritime Claims.

7   B.    THE PARTIES

8         3.    Plaintiff is a California Limited Liability Company, with its principal place of

9   business within the City of Chula Vista, County of San Diego, California.

10        4.    Plaintiff is informed and thereon alleges that Defendant Navegante Charters, LLC

11  is a California Limited Liability Company with its principal place of business in the County of

12  San Diego, California.

13        5.    Plaintiff is further informed and believes that Defendant has the right to

14  possession and control of the Vessel, which Vessel is now, or during the pendency of this action

15  will be, subject to the jurisdiction of this Court.

16  C.    THE CLAIM

17  FIRST CAUSE OF ACTION

18  (Money Damages and Foreclosure of Maritime Lien against Defendant<br>Navegante Charters, LLC and Vessel)

19        6.    On or about April 15, 2008, Defendant executed Contract No. 4471, for the haul

20  out, pressure washing, and other necessary work of, and supplying of materials and marine

21  hardware and equipment to the Vessel by Plaintiff ("Contract"). A true and correct copy of said

22  Contract is attached hereto as Exhibit "A" and made a part hereof. The Contract provides that

23  payment thereunder is due and payable on completion of the work, and that Defendant shall pay

24  interest and late charges on any balance overdue by more than 30 days at the higher of one

25  percent per month or the maximum permitted by law, from the date due until paid.

26  Subsequently, on or about April 15, 2008; April 17, 2008; April 21, 2008; April 23, 2008; April

27  30, 2008; May 20, 2008; May 22, 2008; and May 30, 2008, Defendant executed Work

28  Orders/Change Orders/Authorizations For Work for additional repair work and supplying of

Gordon & Rees LLP<br>101 West Broadway<br>Suite 2000<br>San Diego, CA 92101

-2-

THE MARINE GROUP, LLC dba MARINE GROUP BOAT WORKS v. Vessel NAVEGANTE, et al.; Case No.
COMPLAINT IN REM AND IN PERSONAM FOR MONEY DAMAGES AND FORECLOSURE OF MARITIME LIEN

EMP/6000804/5798242v.1

1  materials and marine hardware and equipment to the Vessel by Plaintiff ("Change Orders").

2  True and correct copies of said Work Orders/Change Orders/Authorizations For Work are

3  attached hereto as Exhibits "B," "C," "D," "E," "F," "G," "H," "I," "J," "K," and "L" and made a

4  part hereof.

5      7.    All of said repair, goods, materials, marine hardware and equipment have been

6  completed and/or have been delivered and provided for the benefit of the Vessel and were

7  necessary for the use of the Vessel.

8      8.    Plaintiff has fully performed under the above-described Contract and Change

9  Orders.

10      9.    The aforementioned cost for said repair, goods, materials, marine hardware and

11  equipment, including sales tax and freight, was $118,636.53. Defendant has made partial

12  payment in the total sum of $15,000, leaving a balance of $103,636.53 which is entirely due,

13  owing and unpaid, despite demand therefore. True and correct copies of Plaintiff's Invoice No.

14  7785, dated April 29, 2008, and Invoice No. 7874, dated May 29, 2008, for the work performed

15  on, and the goods, materials, marine hardware and equipment provided to the Vessel are attached

16  hereto as Exhibit "M" and Exhibit "N" and made a part hereof.

17      10.    The Contract provides for awarding of attorneys' fees to Plaintiff.

18      11.    By reason of the foregoing, Plaintiff has been damaged in the amount of

19  $103,636.53, plus interest and late charges thereon at the higher of one percent per month or the

20  maximum permitted by law from the date payment was due, attorneys' fees, and prejudgment

21  interest as permitted by law.

22      12.    As a result of Defendant's default, Plaintiff is entitled to enforce its maritime lien

23  by judicial foreclosure of the Vessel through public sale thereof by the proper judicial officer.

24      13.    Plaintiff is informed and believes and thereon alleges that its interest in the

25  Vessel, by way of its maritime lien, is prior to and superior to any other alleged lien claim.

26  / / /

27  / / /

28  / / /

Gordon & Rees LLP
101 West Broadway
Suite 2000
San Diego, CA 92101

EMP/6000804/5798242v.1

THE MARINE GROUP, LLC dba MARINE GROUP BOAT WORKS v. Vessel NAVEGANTE, et al.; Case No.
COMPLAINT IN REM AND IN PERSONAM FOR MONEY DAMAGES AND FORECLOSURE OF MARITIME LIEN

Gordon & Rees LLP
101 West Broadway
Suite 2000
San Diego, CA 92101

## SECOND CAUSE OF ACTION
### (Account Stated)

14.    Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 13 of this Complaint.

15.    On or about April 29, 2008 and May 29, 2008, an account was stated by and between Plaintiff and Defendant.  As of July 11, 2008, a total sum of $103,636.53 for the reasonable value of goods, supplies, marine hardware, equipment and repair provided to the Vessel is still due and owing.  Defendant agreed to pay said sum.

16.    Plaintiff has made demand upon Defendant for sums due and owing.  As of the date of the filing of this action Defendant has not paid the total sum owing of $103,636.53, plus interest and late charges thereon at the higher of one percent per month or the maximum permitted by law from the date payment was due, attorneys' fees, and prejudgment interest as permitted by law.

## THIRD CAUSE OF ACTION
### (Quantum Merit)

17.    Plaintiff realleges and incorporates by reference herein Paragraphs 1 through 16 of this Complaint.

18.    During the period April, 2008 to May, 2008, at the special instance and request of Defendant, Plaintiff furnished and supplied to the Vessel at Chula Vista, California, materials, goods, supplies, marine hardware, equipment and repairs to maintain the Vessel.  The reasonable value of said necessities expended and provided totaled $118,636.53, of which Defendant has only paid $15,000, leaving a balance of $103,636.53.

19.    Demand has been made upon Defendant for the said sum of $103,636.53, but Defendant has refused and continues to refuse to pay the sum, and there remains due, owing, and unpaid to the Plaintiff the sum of $103,636.53, together with interest and late charges thereon at the rate of one percent per month or the maximum legal rate from the date the payment was due, attorney's fees, and prejudgment interest as permitted by law.

/ / /

-4-

THE MARINE GROUP, LLC dba MARINE GROUP BOAT WORKS v. Vessel NAVEGANTE, et al.; Case No.
COMPLAINT IN REM AND IN PERSONAM FOR MONEY DAMAGES AND FORECLOSURE OF MARITIME LIEN

EMP/6000804/5798242v.1

1    WHEREFORE, Plaintiff prays as against Defendant as follows:

2    1.    That process in due form of law according to the course and practice of this

3    Honorable Court in causes of admiralty and maritime jurisdiction issue against the

4    NAVEGANTE, her rigging, tackle, apparel, furniture, engines, equipment and all other

5    necessaries thereunder appertaining and belonging, and that all persons claiming any interest in

6    the Vessel be cited to appear and answer on oath, all and singular, the matters aforesaid;

7    2.    That this Honorable Court direct the manner in which the notice of the

8    commencement of this suit shall be given to the master or the ranking officer or caretaker of the

9    NAVEGANTE and to any person, firm or corporation which has recorded notice of claim of any

10    undischarged lien upon the Vessel;

11    3.    That Plaintiff's maritime lien and preferred maritime lien in the principal sum of

12    $103,636.53 as of May 29, 2008, plus interest at the legal rate from such date, and all other

13    amounts required to be disbursed by Plaintiff for the care and preservation of the Vessel, and all

14    other advances, expenses, attorneys' fees, costs and disbursements of Plaintiff herein, with

15    interest, less payment made by Defendant thereon; and that such lien be declared to be prior and

16    superior to the interest liens or claims of any and all other persons, firms or corporations

17    whatsoever.

18    4.    That the NAVEGANTE, her rigging, tackle, apparel, furniture, engines, nets,

19    gear, and all other necessaries thereunto appertaining and belonging, be condemned and sold to

20    pay the demands and claims aforesaid, with interest and costs, and that Plaintiff may become a

21    purchaser at any sale of the property;

22    5.    For damages against the Vessel and Defendant in the sum of $103,636.53,

23    together with interest thereon at the rate of one percent per month or the maximum legal rate

24    from the date payment was due;

25    6.    That Plaintiff recover attorneys' fees and costs of suit;

26    / / /

27    / / /

28    / / /

Gordon & Rees LLP
101 West Broadway
Suite 2000
San Diego, CA 92101

-5-

EMP/6000804/5798242v.1

1    7.    That Plaintiff recover prejudgment interest as permitted by law; and

2    8.    That the Plaintiff have such other and further relief as in justice it may be entitled

3  to receive.

6  Dated: July 14, 2008                    GORDON & REES, LLP

8                                          By:

9                                          Russell P. Brown, Esq.
                                           Matthew P. Nugent, Esq.
10                                         Attorneys for Plaintiff THE MARINE
                                           GROUP, LLC dba
11                                         MARINE GROUP BOAT WORKS

Gordon & Rees LLP
101 West Broadway
Suite 2000
San Diego, CA 92101

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE MARINE GROUP, LLC dba MARINE GROUP BOAT WORKS v. Vessel NAVEGANTE, et al.; Case No.
COMPLAINT IN REM AND IN PERSONAM FOR MONEY DAMAGES AND FORECLOSURE OF MARITIME LIEN

EMP/6000804/5798242v.1

**VERIFICATION**

1    I, TODD ROBERTS, being duly sworn, deposes and says:

2    I am Vice President of THE MARINE GROUP LLC d/b/a MARINE GROUP BOAT

3    WORKS, Plaintiff herein.

4

5    I have read the within Complaint. The facts stated therein are true and correct to the best

6    of my knowledge and the grounds of my belief is my personal knowledge and the records and

7    reports of the company.

8    I declare under penalty of perjury that the foregoing is true and correct.

9    Executed on July 11, 2008, at Chula Vista, California.

10

11                                                          TODD ROBERTS

12

13

14   STATE OF CALIFORNIA     )

15                          ) ss.

16   COUNTY OF SAN DIEGO     )

17   On July 11, 2008, before me, _____Michelle Farias_____, Notary Public, personally
     appeared TODD ROBERTS, personally known to me (or proved to me on the basis of
18   satisfactory evidence) to be the person whose name is subscribed to the within instrument and
     acknowledged to me that he executed the same in his authorized capacity, and that by his
19   signature on the instrument the person, or the entity upon behalf of which the person acted,
     executed the instrument.
20

21   WITNESS my hand and official seal.

22

23   Signature of Notary

24   (SEAL)

25

26        MICHELLE FARIAS
          COMM. #1769344
27        Notary Public - California
          San Diego County
28        My Comm. Expires Sep. 20, 2011

Gordon & Rees LLP
101 West Broadway
Suite 2000
San Diego, CA 92101

-7-

EMP/6000804/5798242v

**EXHIBIT A**



**Marine Group Boat Works**
997 G Street
Chula Vista CA 91910
Voice (619) 427-6767
Fax (619) 427-0324

MARINE GROUP
BOAT WORKS

# Contract

| Date | Contract No. |
|---|---|
| 4/15/2008 | 3471 |

| P O No. | |

ALL WORK CASH ON DELIVERY
LIMITED WARRANTY 30 DAYS ON
PARTS AND LABOR
MANUFACTURERS WARRANTIES
ONLY ON PARTS WITH
ACCOMPANYING WARRANTIES

SEE REVERSE SIDE FOR DETAILS

| Name / Address | |
|---|---|
| Navengete charters | |

| Job Number | navengete -emergency haul out |

| Item | Description | Ordered | U/M | Rate | Total |
|---|---|---|---|---|---|
| Service - Comm. | Haul out, pressure, wash , block , re launch to water upon completion of work | | | 10,200.00 | 10,200.00 |
| Service - Comm. | connect shore power | | | 70.00 | 70.00 |
| Service - Comm. | power to be metered and billed @ .26 per kwh | | | 0.00 | 0.00 |
| Service - Comm. | lay days  charged every day the boat  is in the yard cost 3 PER day | | | 162.50 | 162.50 |
| Service - Comm. | remove port and starboard  shafts , replace shaft seal work to be done on a time and material  basis @ $70.00 per hour and material at our cost plus 25 | | | 0.00 | 0.00 |
| Service - Comm. | remove and replace  sea valves  for USCG inspection  work to be done on a time and material basis @ $70.00 per hour , material at our cost  plus 25% | | | 0.00 | 0.00 |
| Service - Comm. | apply one coat of 1088 c  proline to the underwater hull  and a second at the waterline | | | 0.00 | 0.00 |
| | Sales Tax | | | 7.75% | 0.00 |

3% Environmental fee will apply to total amount.

**WORK AUTHORIZATION AND DESIGNATION OF AGENT**
I hereby authorize the above repair work to be performed.  I acknowledge that I have received a copy of, and have read, understood and agree to the terms and conditions of this Contract, including those on the reverse side hereof. I hereby authorize _____ to act as my representative/agent with authority to contract for any additional work which may be required or required.

X OWNER _____ DATE 4/15

**OWNER'S CLEAR RECEIPT**
I have inspected the work performed under this Contract and find it to be satisfactory.  I hereby acknowledge receipt of the within described vessel.  I further acknowledge that all personal property on the vessel when originally delivered to The Marine Group, LLC has been accounted for and is in my possession. This acknowledgment is not a waiver of the limited warranty provided in paragraph 2 on the reverse side hereof.

SIGNATURE _____

| Total | $10,432.50 |
|---|---|
| Vessel Name | |
| Length | |
| CI or Doc # | |
| Lifting weight | |
| Pwr or sail ? | |

WORK ORDER TERMS AND CONDITIONS

1. THIS AGREEMENT (consisting of this Work Order ("Order") and the Yard Terms and Regulations and Schedule of Services is entered into between The Marine Group, LLC, a California corporation doing business as South Bay Boat Yard (Contractor), the Owner identified on the reverse hereof, (Owner) and the therein named vessel (the "Vessel"), on the following terms and conditions.

2. STATEMENT OF WORK. Contractor agrees to furnish materials, parts, labor and labor to perform the work described in the Order (hereinafter "Work"). Owner has specifically requested the Work set forth in the Order, shall inspect the progress of the Work from time to time as he deems necessary, and has satisfied himself as to the suitability for his intended purpose of all machinery, parts, equipment, supplies and accessories to be installed pursuant to this agreement.

3. LIMITED WARRANTY.
(a) Work under this Agreement shall be free from defects in workmanship and materials for thirty (30) days from the date all Work under this Agreement is completed.
(b) All Owner furnished equipment installed aboard the Vessel by Contractor will be installed in a workmanlike manner in accordance with the manufacturer's specifications and good marine practices.
(c) Manufacturers' warranties shall be applicable to all parts sold with such warranties. Contractor does not assume any responsibility for said warranties, and does not make any warranty of its own on those items, except as set forth in 3(a) hereof.
(d) WARRANTY EXCLUSIONS. THE WARRANTIES SET FORTH IN PARAGRAPH 2 ARE GIVEN IN LIEU OF ALL OTHER WARRANTIES, WHETHER EXPRESSED, IMPLIED OR STATUTORY. CONTRACTOR DISCLAIMS ANY WARRANTY, EXPRESS OR IMPLIED, THAT THE MATERIALS ARE MERCHANTABLE OR FIT FOR ANY PARTICULAR USE OR PURPOSE.

4. CONTRACT PRICE. Owner shall pay to Contractor for the Work to be furnished thereunder the total amount set forth in the Order (herein the Contract Price). The total amount set forth in the Order shall be paid to Contractor without deduction or offset on completion of the Work and prior to the Vessel departing Contractor's boatyard.

5. PRICE BASED ON LIABILITY LIMITATIONS. The contract price is base upon the provisions of this Agreement limiting the scope and duration of Contractor's warranties, limiting Contractor's liability, and under which Owner assumes certain risks. Contractor is willing to perform the Work on the Vessel on the basis of different or more extensive liabilities or warranties provided an adjustment in price, including the price of appropriate additional insurance as agreed by the parties and incorporated into this Agreement. Barring such further agreement and adjustment of the Contract Price, the warranty and limitations of the Contractor's liability and Owner's acceptance of risks as set forth in this Agreement shall apply.

6. OWNER'S EXCLUSIVE REMEDY. The sole and exclusive remedy of Owner against Contractor arising out of the Work, for injuries or damages sale result of any alleged breach of this Agreement or any alleged negligent or defective repairs, or any related claim of any nature, shall be strictly limited to repair or replacement of the alleged negligently repaired or defective material or equipment, or correction of the alleged defective or negligent installation, as the case may be.

7. TIME LIMIT ON ALL CLAIMS. It is agreed that no claim arising from the transactions contemplated by this Agreement, including but not limited to contractual claims for breach of contract or warranty and tort claims based upon any alleged negligent Work or on theories of strict liability or otherwise, shall be valid against Contractor unless any such claim is presented in writing to Contractor within sixty (60) days and suit thereon commenced within six (6) months of the date all Work under this Agreement is completed.

8. OWNER'S ASSUMPTION OF RISK.
(a) Except as provided in paragraphs 2 and 6 above, Owner accepts the risk of all losses hereafter occasioned by the acts or omissions of the Contractor in the performance of the Work, whether in the nature of negligence, strict liability, or otherwise, and agrees to purchase and maintain such insurance against such risks as Owner deems prudent and shall look only to said insurance for compensation or damages related to any such loss regardless of the legal or physical responsibility thereof; subrogation against Contractor is hereby waived.
(b) Owner accepts the risk of, and Contractor shall have no legal liability whatsoever, under any circumstance for, the tortuous or criminal acts of any third party, including but not limited to theft, conversion, and malicious mischief.
(c) Owner accepts the risk of and Contractor shall not be liable under any circumstance for, any incidental, special, or consequential damages of any

nature whatsoever, including but not limited to any claims (1) the Vessel's loss of use of the Vessel, lost revenues, lost profits, loss of use of the Vessel, salvage, fuel costs, pilotage or tug fees, arising out of or attributable to the predicated upon an alleged breach of this Agreement and (2) based upon the Contractor's performance or non-performance of any of their tasks whatsoever.

9. FINANCIAL LIMITATION. In no event shall Contractor's aggregate liability to all parties in interest, arising under this Agreement or in any way for all damages, including, but not limited to by reason of this Agreement, exceed $250,000 or the sum received by Contractor under this Agreement, whichever is less.

10. INDEMNITY, INSURANCE AND WAIVER OF SUBROGATION.
(a) Owner shall indemnify and hold Contractor harmless of any claim, demand, cost, liability or expense, including reasonable attorney's fees incurred in defense thereof, arising from the intentional or negligent acts or omissions of Owner or his agents, employees or independent contractors. (b) In the event Owner or his agents, employees or independent contractors fail to comply with the provisions of this Agreement. Said indemnification shall encompass and include any and all claims by third parties arising under and in connection with Work performed hereunder, except claims by employees, subcontractors or vendors of Contractor for goods, services or employee benefits, as the case may be.
(b) During the period the Vessel is present in Contractor's boatyard, Owner shall place or cause agreed to between Contractor and Owner shall purchase and maintain such types and amounts of insurance as Owner deems reasonable and prudent to protect against risks assumed by Owner under this Agreement. As to all such policies of insurance which are made thereon, for himself and his insurers, Owner specifically waives a right of subrogation against Contractor, its subsidiaries, affiliates, agents, officers, directors and employees.

11. CONTRACTOR'S REMEDIES.
(a) The Contract Price is due and payable on completion of the Work. Owner shall pay interest and late charges on any balance more than 30 days overdue at the higher of 1-1/2 percent per month or the maximum permitted by law from the date due until paid.
(b) Owner expressly agrees that Contractor shall have the right to seize hold, or otherwise detain the Vessel or any other property of the Owner in Contractor's possession with judicial process until such time as all sums due under this Agreement have been paid; and Contractor shall not be liable for any damages suffered or claimed to have been suffered as a result of any such seizure, holding or detention.
(c) Contractor reserves all rights to proceed against the Vessel in rem and against Owner personally in the event of a breach of any provision(s) of this Agreement by Owner. NOTHING HEREIN SHALL BE CONSTRUED AS A WAIVER BY CONTRACTOR OF ITS MARITIME LIEN ON THE VESSEL OR LIEN UNDER THE CALIFORNIA BOATER'S LIEN LAW ARISING FROM WORK PERFORMED AND/OR MATERIALS FURNISHED UNDER THIS AGREEMENT.

12. WAIVER AND CONSENT. One or more waiver of any term or condition of this Agreement by either party hereto shall not be construed as a waiver of a subsequent breach of the same term or condition. The consent by either party hereto to any act by the other party requiring consent shall not be deemed to waive or render unnecessary consent to any subsequent act requiring consent by such party.

13. INVALIDITY. In the event any provision of this Agreement is declared to be illegal, invalid or otherwise unenforceable by a court of competent jurisdiction, the remainder of the provisions shall remain in full force and effect, and shall in no way be affected, impaired or invalidated thereby.

14. CAPTIONS. The various headings and numbers herein, and the grouping of the provisions of this Agreement into separate paragraphs and subparagraphs, are for the purpose of convenience only and shall not be considered a part thereof.

15. ENTIRE AGREEMENT. This Agreement sets forth the entire agreement and understanding between the parties as to the subject matter hereof and merges and supersedes all prior discussions, agreements, and understandings between the parties. This Agreement is intended solely for the benefit of the parties hereto and is not intended to benefit any third person or party. In the event of any conflict between any provisions of the Order and any provisions of the Yard Terms and Regulations or Schedule of Services, such conflict shall be resolved in favor of the provisions of the Order.

16. INTERPRETATION. This Agreement shall be construed and interpreted in accordance with the admiralty and maritime law of the United States.

17. NO WORK BY OWNER. Neither Owner, nor any contractor or subcontractor engaged by owner, shall perform any work on the vessel at the facilities of South Bay Boatyard unless owner has entered into a separate "Do-It-Yourself" contract with Contractor.



BLUEBIRDOnline.com (888) 47-0700



# MARINE GROUP
### BOAT WORKS

Phone: (619) 427-6767 Fax: (619) 427-0324

## WORK ORDER / CHANGE ORDER
## AUTHORIZATION FOR WORK
### ALL ITEMS LISTED BELOW ARE IN ADDITION TO ITEMS ON ORIGINAL
### "CONTRACT"

CHANGE ORDER# 2000

DATE: 4/15/2008                    VESSEL: NAVEGANTE

Remove the starboard aft thruster, repair the leak and re-install.

Time @ $70.00/hour and Material @ Our Cost + 25%

I hereby authorize the additional repair work to be performed. Except as expressly amended hereby and by any previous change order itself not specifically amended hereby, the Contract referred to above shall remain unchanged and in full force and effect.

Signed: _____    Date: 4/14/08

*Walker aware to proceed*

**EXHIBIT C**

# MARINE GROUP
### BOAT WORKS

Phone: (619) 427-6767 Fax: (619) 427-0324

## WORK ORDER / CHANGE ORDER
## AUTHORIZATION FOR WORK
### ALL ITEMS LISTED BELOW ARE IN ADDITION TO ITEMS ON ORIGINAL
### "CONTRACT"

CHANGE ORDER# 2000R

DATE: 4/15/2008

VESSEL: NAVEGANTE

Remove the starboard aft thruster, replace with new American Bow Thruster as directed by Captain and install.

**Time @ $70.00/hour and Material @ Our Cost +25%.**

I hereby authorize the additional repair work to be performed. Except as expressly amended hereby and by any previous change order itself not specifically amended hereby, the Contract referred to above shall remain unchanged and in full force and effect.

Signed: _____    Date: 5/28/08



MARINE GROUP
BOAT WORKS

Phone: (619) 427-6767 Fax: (619) 427-0324

# WORK ORDER / CHANGE ORDER
# AUTHORIZATION FOR WORK
### ALL ITEMS LISTED BELOW ARE IN ADDITION TO ITEMS ON ORIGINAL
### "CONTRACT"

CHANGE ORDER# 1001

DATE:  4/17/2008                    VESSEL: NAVEGANTE

Apply Prop-Speed to the propellers.

**FIXED PRICE TOTAL: $2,058.00**

I hereby authorize the additional repair work to be performed.  Except as expressly amended hereby and by
any previous change order itself not specifically amended hereby, the Contract referred to above shall
remain unchanged and in full force and effect.

Signed: _____    Date:_____



EXHIBIT E



# MARINE GROUP
## BOAT WORKS

Phone: (619) 427-6767 Fax: (619) 427-0324

# WORK ORDER / CHANGE ORDER
# AUTHORIZATION FOR WORK
### ALL ITEMS LISTED BELOW ARE IN ADDITION TO ITEMS ON ORIGINAL
### "CONTRACT"

**CHANGE ORDER# 1003**

**DATE: 4/21/2008**                     **VESSEL: NAVEGANTE**

Fabricate and install one starboard exhaust flap, as per sample.

**FIXED PRICE TOTAL: $622.50**

I hereby authorize the additional repair work to be performed. Except as expressly amended hereby and by any previous change order itself not specifically amended hereby, the Contract referred to above shall remain unchanged and in full force and effect.

Signed: _____    Date: 4/21/08 _____

**EXHIBIT F**



**MARINE GROUP**
BOAT WORKS

Phone: (619) 427-6767 Fax: (619) 427-0324

# WORK ORDER / CHANGE ORDER
# AUTHORIZATION FOR WORK
### ALL ITEMS LISTED BELOW ARE IN ADDITION TO ITEMS ON ORIGINAL
### "CONTRACT"

**CHANGE ORDER# 1004**

**DATE: 4/21/2008**                     **VESSEL: NAVEGANTE**

Remove fabricate and install two hull inserts approx 12"x12" one on port and one on STBD. (underwater hull)
Touch up paint after welding.
Note: price is based on gas free cert only. And tank cleaning will be additional cost.

**FIXED PRICE TOTAL: $ 6.000**

I hereby authorize the additional repair work to be performed.  Except as expressly amended hereby and by any previous change order itself not specifically amended hereby, the Contract referred to above shall remain unchanged and in full force and effect.

Signed: _____    Date: 4/21/08



# MARINE GROUP
### BOAT WORKS

Phone: (619) 427-6767 Fax: (619) 427-0324

# WORK ORDER / CHANGE ORDER
# AUTHORIZATION FOR WORK
### ALL ITEMS LISTED BELOW ARE IN ADDITION TO ITEMS ON ORIGINAL
### "CONTRACT"

**CHANGE ORDER# 1005**

**DATE:  4/21/2008**                           **VESSEL: NAVEGANTE**

Renew 30 underwater hull zincs.

**FIXED PRICE TOTAL: $4,517.53**

I hereby authorize the additional repair work to be performed.  Except as expressly amended hereby and by
any previous change order itself not specifically amended hereby, the Contract referred to above shall
remain unchanged and in full force and effect.

Signed: _____    Date: 4/22/08

**EXHIBIT H**



6



# MARINE GROUP
### BOAT WORKS

Phone: (619) 427-6767 Fax: (619) 427-0324

# WORK ORDER / CHANGE ORDER
# AUTHORIZATION FOR WORK
## ALL ITEMS LISTED BELOW ARE IN ADDITION TO ITEMS ON ORIGINAL "CONTRACT"

**CHANGE ORDER# 1006**

**DATE: 4/23/2008**                    **VESSEL: NAVEGANTE**

Item 1: Sandblast and paint exterior of ballast Tanks
1. Setup and install equipment as required.
2. Degrease area to be preserved.
3. Blank and mask as required.
4. Blast to sspc-sp-7.
5. Install two coats of epoxy primer.
6. Install two coats of AF
7. Remove masking and detail
8. Pick up and dispose of all used sand in accordance to local, state, federal guidelines

    Fixed Price  $1,450.00

Item 2:  Containment    $4,000.00

**FIXED PRICE TOTAL: $5,450.00**


I hereby authorize the additional repair work to be performed.  Except as expressly amended hereby and by any previous change order itself not specifically amended hereby, the Contract referred to above shall remain unchanged and in full force and effect.

Signed: _____    Date: 4/23/08



# MARINE GROUP
### B·OAT WORKS

Phone: (619) 427-6767 Fax: (619) 427-0324

## WORK ORDER / CHANGE ORDER
## AUTHORIZATION FOR WORK
### ALL ITEMS LISTED BELOW ARE IN ADDITION TO ITEMS ON ORIGINAL
### "CONTRACT"

**CHANGE ORDER# 2001**

**DATE: 4/30/2008**                      VESSEL: NAVEGANTE

Crop out and replace approximately 24 square feet of shell plate port & starboard on
underwater hull. Includes stiffeners if necessary.
(located in area of saltwater ballast tanks)

**Time @ $70.00/hour and Material @ Our Cost + 25%**

I hereby authorize the additional repair work to be performed. Except as expressly amended hereby and by
any previous change order itself not specifically amended hereby, the Contract referred to above shall
remain unchanged and in full force and effect.

Signed: _____  Date: 4/30/08



Printed on Recycled Paper
20% Post Consumer Waste

**EXHIBIT J**



**MARINE GROUP**
BOAT WORKS

Phone: (619) 427-6767 Fax: (619) 427-0324

# WORK ORDER / CHANGE ORDER
# AUTHORIZATION FOR WORK
### ALL ITEMS LISTED BELOW ARE IN ADDITION TO ITEMS ON ORIGINAL
### "CONTRACT"

**CHANGE ORDER# 2002**

**DATE: 5/20/2008**                    VESSEL: NAVEGANTE

Install port and starboard ballast tank covers with gaskets

**Time @ $70.00/hour and Material @ Our Cost + 25%**

I hereby authorize the additional repair work to be performed. Except as expressly amended hereby and by
any previous change order itself not specifically amended hereby, the Contract referred to above shall
remain unchanged and in full force and effect.

Signed: _____    Date: 5/20/08

**EXHIBIT K**



**M A R I N E   G R O U P**
B O A T   W O R K S

Phone:  (619) 427-6767 Fax:  (619) 427-0324

# WORK ORDER / CHANGE ORDER
## AUTHORIZATION FOR WORK
### ALL ITEMS LISTED BELOW ARE IN ADDITION TO ITEMS ON ORIGINAL "CONTRACT"

**CHANGE ORDER# 1010**

**DATE: 5/22/2008**                    **VESSEL: NAVEGANTE**

Spot sand and apply one coat of AF to the underwater hull.

**FIXED PRICE TOTAL: $7,630.00**

I hereby authorize the additional repair work to be performed.  Except as expressly amended hereby and by
any previous change order itself not specifically amended hereby, the Contract referred to above shall
remain unchanged and in full force and effect.

Signed: _____     Date: 5/22/08



## MARINE GROUP
### BOAT WORKS

Phone: (619) 427-6767 Fax: (619) 427-0324

# WORK ORDER / CHANGE ORDER
# AUTHORIZATION FOR WORK
### ALL ITEMS LISTED BELOW ARE IN ADDITION TO ITEMS ON ORIGINAL
### "CONTRACT"

**CHANGE ORDER# 2003**

**DATE: 5/30/2008**                    **VESSEL: NAVEGANTE**

Cut insert port side aft over stern thruster to facilitate stern thruster install.

**Time @ $70.00/hour and Material @ Our Cost + 25%**

I hereby authorize the additional repair work to be performed. Except as expressly amended hereby and by
any previous change order itself not specifically amended hereby, the Contract referred to above shall
remain unchanged and in full force and effect.

Signed: _____    Date: 5/7/08

Stock # R-EXA-5-B    Recycled

Legal Tabs Co. 1-800-322-3022

**EXHIBIT M**

Marine Group Boat Works

997 G Street
Chula Vista, CA 91910
Voice(619)427-6767
Fax (619)427-0324



MARINE GROUP
BOAT WORKS

# Invoice

| Date | Invoice # |
|---|---|
| 4/29/2008 | 7785 |

**Bill To**

Navegante charters

| P.O. No. | Vessel Name | Length | Pwr or sail ? | Cf or Doc # | Lifting weight |
|---|---|---|---|---|---|
| | Nevegante | | | | |

| Quantity | Description | U/M | Rate | Amount |
|---|---|---|---|---|
| 0.5 | Haulout, pressure wash , block , relaunch to water upon completion of work<br>50% Complete | | 10,200.00 | 5,100.00 |
| | Connect shore power | | 70.00 | 70.00 |
| | Power to be metered and billed @ .26 per kwh<br>4/15/08 -4/30/08 | | 665.08 | 665.08 |
| 16 | Lay days : charged every day the boat is in the yard cost is PER day<br>16 days x $162.50 day = $2,600.00<br>4/15/08 - 4/30/08 | | 162.50 | 2,600.00 |
| | Remove port and starboard shafts , replace shaft seals , work to be done on a time and material basis @ $70.00 per hour and material at our cost plus 25 %<br>Labor 48 hrs x $70.00 hr = $3,360.00  4/16/08 - 4/22/08<br>Material $9,621.68    4/22/08 - 4/28/08 | | 12,981.68 | 12,981.68 |
| | C.O. #1003<br>Fabricate and install one starboard exhaust flap<br>100% Complete | | 622.50 | 622.50 |
| 0.5 | C.O. #1005<br>Renew 30 underwater zincs<br>50% Complete | | 4,517.53 | 2,258.77 |
| 0.5 | C.O. #1006<br>Sandblast and paint exterior of ballast tanks<br>50% Complete | | 5,450.00 | 2,725.00 |

**Total**

Page 1

Marine Group Boat Works

997 G Street
Chula Vista, CA  91910
Voice(619)427-6767
Fax  (619)427-0324

**MARINE GROUP**
BOAT WORKS

# Invoice

| Date | Invoice # |
|------|-----------|
| 4/29/2008 | 7485 |

**Bill To**

Navegante charters

| P.O. No. | Vessel Name | Length | Pwr or sail | Cf or Doc # | Lifting weight |
|----------|-------------|--------|-------------|-------------|----------------|
|          | Nevegante   |        |             |             |                |

| Quantity | Description | U/M | Rate | Amount |
|----------|-------------|-----|------|--------|
|  | C.O. #2000 |  | 980.00 | 980.00 |
|  | Remove the starboard aft thruster, repair the leak and re-install. |  |  |  |
|  | 14 hrs x $70.00 hr = $980.00. As of 4/18/08. |  |  |  |
|  |  |  |  |  |
|  | Subtotal |  |  | 28,003.03 |
|  | 3% Environmental Fee |  | .00% | 840.09 |
|  |  |  |  |  |
|  | Tax |  |  | 721.08 |

| | **Total** | $29,564.20 |
|---|---|---|

Marine Group Boat Works

997 G Street
Chula Vista, CA  91910
Voice(619)427-6767
Fax  (619)427-0324



MARINE GROUP
BOAT WORKS

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/29/2008 | 7874 |

**Bill To**

Navengate charters

*Payment 6/28/08 Check# 1210*
*$10,000.00*

*Payment 7/5/08 Check#1216*
*$5,000.00*

| P.O. No. | Vessel Name | Length | Pwr or sail ? | Cf or Doc # | Lifting weight |
|----------|-------------|--------|---------------|-------------|----------------|
|  | Navegante |  |  |  |  |

| Quantity | Description | U/M | Rate | Amount |
|----------|-------------|-----|------|--------|
| 0.5 | Haul our pressure wash, block, re launch to water upon completion of work 100% Complete 50% on inv #7785 |  | 10,200.00 | 5,100.00 |
|  | Disconnect shore power |  | 70.00 | 70.00 |
| 1 | Power to be metered and billed @ .26 per kwh 5/01/08 - 6/01/08 |  | 1,430.00 | 1,430.00 |
| 32 | Lay days:  charged every day the boat  is in the yard  cost is PER day 32 days x $162.50 day = $5,200.00 5/01/08 - 6/02/08 |  | 162.50 | 5,200.00 |
|  | Crane Service - Lift raft 4/16/08 |  | 180.00 | 180.00 |
| 1 | Remove port and starboard shafts, replace shaft seals, work to be done on a time and material basis @ $70.00 per hour and material at our cost plus 25 % Labor  59 hrs x $70.00 hr = $4,130.00  5/07/08 - 5/22/08 (no material) Labor 7 hrs x $70.00 hr = $490.00   5/27/08 -5/30/08 |  | 4,620.00 | 4,620.00 |
|  | C.O. #1001 Apply prop speed to the propellers |  | 2,058.00 | 2,058.00 |
|  | C.O. #1004 Remove, fabricate and install (2) hull inserts approx 12"x12", (1) on port and (1) on starboard. (underwater hull).  Touch up paint after welding. |  | 6,000.00 | 6,000.00 |
|  |  |  | **Total** |  |

Page 1

Marine Group Boat Works

997 G Street
Chula Vista, CA 91910
Voice(619)427-6767
Fax (619)427-0324


MARINE GROUP
BOAT WORKS

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/29/2008 | 7874 |

| Bill To |
|---------|
| Navengate charters |

| P.O. No. | Vessel Name | Length | Pwr or sail ? | Cf or Doc # | Lifting weight |
|----------|-------------|--------|---------------|-------------|----------------|
|          | Navegante   |        |               |             |                |

| Quantity | Description | U/M | Rate | Amount |
|----------|-------------|-----|------|--------|
| 0.5 | C.O. #1005<br>Renew 30 underwater hull zincs<br>100% Complete<br>Billed 50% on Inv #7785 | | 4,517.53 | 2,258.77 |
| 0.5 | C.O. #1006<br>Sandblast and paint exterior of ballast tanks<br>100%<br>Billed 50% on Inv #7785 | | 5,450.00 | 2,725.00 |
| | C.O. #1010<br>Spot sand and apply one coat of antifouling to the underwater hull. | | 7,630.00 | 7,630.00 |
| | C.O. #2000R<br>Remove the starboard aft thruster, replace with new American Bow Thruster as directed by Captain and install<br>Material $6,721.00 | | 6,721.00 | 6,721.00 |
| 1 | C.O. #2001<br>Crop out and replace approx 24 square feet of shell plate port & starboard on underwater hull.<br>Labor 358 hrs x $70.00 hr = $25,060.00<br>Material $8,581.00 | | 33,641.00 | 33,641.00 |
| | C.O. #2002<br>Install port & starboard ballast tank covers with gaskets<br>Labor 31 hrs x $70.00 hr = $2,170.00  As of 5/20/08<br>Material  $50.00 | | 2,220.00 | 2,220.00 |
| | | | **Total** | |

Page 2

Marine Group Boat Works

997 G Street
Chula Vista, CA  91910
Voice(619)427-6767
Fax  (619)427-0324



MARINE GROUP
BOAT WORKS

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/29/2008 | 7874 |

**Bill To**

Navengate charters

| P.O. No. | Vessel Name | Length | Pwr or sail ? | Cf or Doc # | Lifting weight |
|----------|-------------|--------|---------------|-------------|----------------|
| | Navegante | | | | |

| Quantity | Description | U/M | Rate | Amount |
|----------|-------------|-----|------|--------|
| | C.O. #2003 | | 4,515.00 | 4,515.00 |
| | Cut insert port side aft over stern thruster to facilitate stern thruster install. | | | |
| | Labor 49.5 hrs x $70.00 hr = $3,465.00    5/30/08 - 5/31/08 | | | |
| | Material  $1,050.00 | | | |
| | | | | |
| | Subtotal | | | 84,368.77 |
| | 3% Environmental Fee | | 3.00% | 2,531.06 |
| | | | | 2,172.50 |

| | Total | $89,072.33 |
|---|-------|-----------|

Page 3

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 152980    - MB

July 14, 2008
16:38:10

Civ Fil Non-Pris

USAO #.: 08CV1264 CIVIL FILING
Judge..: ROGER T BENITEZ
Amount.:                          $350.00 CK
Check#.: BC70083

Total-> $350.00

FROM: THE MARINE GROUP LLC DBA
MARINE GROUP BOAT WORKS VS
VESSEL NAVEGANTE AND
NAVEGANTE CHARTERS LLC

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| THE MARINE GROUP, LLC, dba MARINE GROUP BOAT WORKS | VESSEL NAVEGANTE and NAVEGANTE CHARTERS, LLC |

**(b)** County of Residence of First Listed Plaintiff <u>San Diego</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant <u>San Diego</u>
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Russell P. Brown (SBN: 84505); Matthew P. Nugent (SBN: 214844)
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys (If Known)

'08 JUL 14 PM 1:44
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**'08 CV 1264 BEN RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1333; FRCP Rule 9(h); 28 USC 1391(b); Rule C and E Supplemental Rules for Certain Admiralty and Maritime Claims

Brief description of cause:
Admiralty Action: Foreclosure on maritime lien.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND** $103,636.53 plus prejudgment interest

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE July 14, 2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 15780 AMOUNT $350.00 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

MB 07/14/08

American LegalNet, Inc.
www.FormsWorkflow.com