**FILED**
JUL 2 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY



UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MARINE GROUP, LLC d/b/a MARINE GROUP BOAT WORKS, | IN ADMIRALTY |
| Plaintiff, | CASE NO. '08 CV 1264 BEN RBB |
| vs. | |
| NAVEGANTE, Official Number 1094087, her engines, tackle, furniture, apparel, In Rem; NAVEGANTE CHARTERS, LLC, In Personam, | ORDER TO APPOINT SUBSTITUTE CUSTODIAN [~~PROPOSED~~] |
| Defendants. | |

Under the application of Plaintiff, THE MARINE GROUP, LLC D/B/A MARINE GROUP BOAT WORKS (hereinafter, "Marine Group Boat Works"), for an order appointing a substitute custodian in lieu of the U.S. Marshal in this case, and good cause appearing therefore, the Court finds:

Upon the application of Marine Group Boat Works, the Court finds:

1. On or about July 14, 2008, the Complaint herein was filed praying that the vessel, NAVEGANTE, a United States flag vessel, her sails, tackle, apparel, tenders, fixtures, and equipment and all other necessaries thereunto appertaining and belonging, be condemned and sold to pay Marine Group Boat Works' demands and claims and for other proper relief.

2. The Court has directed the Clerk of the Court to issue a Warrant for the Arrest of

-1-

the vessel, commanding the United States Marshal for this district to arrest and take the vessel, NAVEGANTE, and to detain the same in its custody until further order of this Court respecting the same.

3. It is contemplated that the United States Marshal will seize the defendant vessel forthwith. Custody by the United States Marshal requires the services of one or more keepers and does not include charges for wharfage and the other services usually associated with safekeeping vessels similar to the defendant vessel.

4. The defendant vessel is at the facilities of Sunroad Marina, Dock J-47, 955 Harbor Island Drive, San Diego, California. Marine Group Boat Works has agreed to assume the responsibility for safekeeping said vessel and has consented to act as its custodian until further order of this Court. Marine Group Boat Works shall provide safekeeping of the vessel, at the rates indicated in the declaration of Todd Roberts, Vice President of Marine Group Boat Works.

5. The United States Marshal is unable to perform or to have performed these same services at a comparable rate.

6. Marine Group Boat Works avers through the Declaration of Todd Roberts that is has Comprehensive General Liability and Ship Repairer's Legal Liability Insurance, and Longshoremen's and Harbor Workers' Compensation Insurance, which are adequate to respond to damages for loss of, or injury to, the defendant vessel during said custody, or for damage sustained by third parties due to negligence or fault of Marine Group Boat Works, its employees or agents committed during said custody.

7. Marine Group Boat Works, in consideration of the Marshal's consent to the substitution of custody, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of defendant racing yacht, sails, tackle, apparel, tenders, fixtures, and equipment thereunto appertaining and belonging, from the time the Marshal transfers possession of said vessel over to said Substitute Custodian, and Plaintiff further agrees to hold harmless and indemnify the United States and Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

THEREFORE, IT IS:

1 ORDERED that Plaintiff's application is granted; and it is further

2 ORDERED that the U.S. Marshal for this district transfer custody of the Defendant Vessel NAVEGANTE, O.N. 1094087, its engines, rigging, tackle, boilers and appurtenances, or whichever of said defendant vessel may be found and arrested within this district, from its present location in or near Sunroad Marina, Dock J-47, 955 Harbor Island Drive, San Diego, California, or wherever said vessel may be found in this district, to the custody of substitute custodian THE MARINE GROUP, LLC d/b/a MARINE GROUP BOAT WORKS, by and through its authorized representatives, immediately following its arrest; and it is further

ORDERED that upon the transfer of said Vessel to the substitute custodian, the aforesaid substitute custodian is hereby appointed to act as substitute custodian of the defendant vessel during custodia legis on behalf of this Court, in place and instead of the U.S. Marshal, until further order of this Court; and it is further

ORDERED that upon transfer of custody of the defendant vessel to the substitute custodian by the U.S. Marshal, the U.S. Marshal shall not be liable for any loss occurring while it remains in the custody of the substitute custodian; and it is further

ORDERED that upon transfer of the vessel to the substitute custodian, the substitute custodian shall keep the vessel at Marine Group Boat Works' premises. Thereafter, the vessel shall not be removed from the premises of the substitute custodian without prior written approval of the U.S. Marshal or further order of this Court; provided that in case of emergency the substitute custodian may remove the vessel from its premises, and take any other necessary measures, subject to prompt notification to the Marshal of such removal or measure; and

ORDERED that the fees and costs of the substitute custodian in storing, maintaining, safekeeping, and insuring the vessel while in custodia legis shall be taxed as costs of this action; and it is further

ORDERED that the U.S. Marshal will place a copy of this Order on the defendant vessel.

Dated: 7/23/08

_____
UNITED STATES DISTRICT JUDGE

-3-

1
2  Presented by:
3  GORDON & REES, LLP
4
5  By: _____
       Russell P. Brown, Esq.
6      Matthew P. Nugent, Esq.
   Attorneys for Plaintiff
7  THE MARINE GROUP, LLC d/b/a
   MARINE GROUP BOAT WORKS
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-4-

THE MARINE GROUP, LLC d/b/a MARINE GROUP BOAT WORKS v. NAVEGANTE, et al.; Case No.
ORDER TO APPOINT SUBSTITUTE CUSTODIAN [Proposed]

EMP/6000804/5798059v.1